IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEHDI KIANI | ) | CASE NO: |
| 12 Madawaski Ave. | ) | |
| North York | ) | |
| Ontario M2M 2P9 | ) | |
| Canada | ) | JUDGE |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **COMPLAINT UNDER** |
| | ) | **22 USC §9001, et seq.** |
| SAMANEH TAJIK | ) | |
| 1039 Point of View Dr. | ) | |
| Wooster, Ohio 44691 | ) | |
| | ) | |
| Defendant | ) | |

For his complaint under 22 USC 9001 *et seq*., plaintiff Mehdi Kiani states as follows:

1.      Plaintiff is a citizen of Iran and is currently residing in Canada pursuant to a work permit.

2.      Defendant is a citizen of Iran currently residing in the United States pursuant to a work permit..

3.      Plaintiff and defendant are parents of a minor child, M.K. (DOB:02/02/2020) born in Iran.  M.K. is an Iranian citizen.

4.      On or about march 14, 2023, defendant removed M.K. from Iran and travelled to Canada pursuant to a tourist visa which plaintiff had obtained along with a tourist visa for himself with the expectation that the entire family would travel to Canada.

5.      Defendant left Iran without notifying plaintiff that she was leaving, but in communications after March 14, 2023, she encouraged plaintiff to come to Canada as they had planned.

6.      On or about September 9, 2023, plaintiff travelled to Canada, only to find that defendant, again without prior notice to or approval by Plaintiff, had left Canada with M.K. and moved to Wooster,  Ohio.

7.      Subsequent to defendant's removal of M.K., plaintiff has  attempted to arrange parenting time to be with M.K.

8.      Defendant has refused any and all access by plaintiff to M.K.

9.      Plaintiff has had virtually no contact with M.K. subsequent to her removal from Iran and defendant has actively alienated M.K. from plaintiff .

10.      Plaintiff's efforts to arrive at a resolution for plaintiff's access to M..K. through The Central Authority have been unsuccessful.

11.      22 USC §9003(b), provides that plaintiff is entitled to proceed with an action "under the Convention for the…arrangements for organizing or securing the effective exercise of rights of access to a child" and  "may do so by commencing a civil action by filing a petition for the relief sought…."

12.      Under Article 3 of the Convention, retention of a child is wrongful when it is in breach of rights of custody which was actually exercised or would have been exercised but for the wrongful retention.

13.      Defendant's retention of M.K. in the United States without providing access to plaintiff is in breach of plaintiff's custody rights.

14.      Plaintiff is entitled to a meaningful exercise of his parental rights as can be arranged both in the United States and in Canada.

WHEREFORE, plaintiff Mehdi Kiani prays that the Court enter a judgment as follows:

I.      Allowing for him to have meaningful contact with G.C. both in the United States and in Canada;

II.     For the appointment of a special master to address defendant's alienation of parental affection towards plaintiff;

III.    For payment of his reasonable attorney fees and costs herein incurred, and for such other and further relief to which he is entitled in law and in equity.

Respectfully submitted,

NICOLA, GUDBRANSON & COOPER, LLC

_____/s/ John D. Sayre_____
John D. Sayre (0015191)
50 Public Square
Terminal Tower Suite 2900
Cleveland, Ohio  44113
Ph:  216-621-7227/
Fx:  216-621-3999
Email:  sayre@nicola.com
Attorney for Plaintiff Mehdi Kiani

3